FILED
Lucinda B. Rauback, Clerk
United States Bankruptcy Court
Brunswick, Georgia
By jbergen at 3:46 pm, Apr 09, 2013

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA
Brunswick Division

| | | |
|---|---|---|
| IN RE:<br>GENESIS S. BENNETT<br>EVORA K. BENNETT<br><br>Debtors | ) | CHAPTER 7 CASE<br>NUMBER 11-21531 |
| GENESIS S. BENNETT<br>EVORA K. BENNETT<br><br>Plaintiffs<br><br>vs.<br><br>FLAGSTAR BANK FSB<br><br>Defendant | ) | ADVERSARY PROCEEDING<br>NUMBER 12-02026 |

**OPINION AND ORDER OF DISMISSAL WITH PREJUDICE**

This matter is before me on the motion by Defendant Flagstar Bank FSB ("Flagstar") to dismiss this adversary proceeding for failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure;[1] and on the motion to strike the Motion to Dismiss by

[1] Rule 12(b)(6) is made applicable in bankruptcy by Rule 7012 of the Federal Rules of Bankruptcy Procedure. Unless otherwise noted, "Rule" or "Rules" in this Opinion and Order refers to the Federal Rules of Civil Procedure.

AO 72A
(Rev. 8/82)

pro se Plaintiffs Genesis S. Bennett and Evora K. Bennett, who are Debtors in the underlying chapter 7 bankruptcy case.

For the reasons that follow, the Motion to Strike is denied and the Motion to Dismiss is granted. The dismissal is with prejudice.

## I. PROCEDURAL BACKGROUND

On December 16, 2011, the Bennetts filed a chapter 13 bankruptcy case. Initially, they were represented by counsel, but a few months into the case, their attorney moved to withdraw, stating that the Bennetts had terminated his services. (Case Dkt. No. 47.)[2]

By the time the motion to withdraw was heard and granted, the Bennetts had already moved pro se for conversion to a case under chapter 7. The case was converted on April 26, 2012, and the Bennetts received a discharge on September 24, 2012.

Approximately one month before entry of the discharge, the Bennetts filed this adversary proceeding against Flagstar, alleging liability in connection with the Bennetts' home mortgage

[2] References to the bankruptcy case docket appear in the following format: "Case Dkt. No. ___." References to the adversary proceeding docket appear in the following format: "A.P. Dkt. No. ___."

AO 72A
(Rev. 8/82)

loan ("Mortgage Loan") under 15 U.S.C. § 1641(f) of the Truth in Lending Act ("TILA") and 12 U.S.C. § 2605(e)(1) of the Real Estate Settlement Procedures Act ("RESPA"). (Compl., A.P. Dkt. No. 1.)

Flagstar moved to dismiss the Complaint (A.P. Dkt. No. 17). The Motion to Dismiss was set for hearing, but was continued once at Flagstar's request and again at the Bennetts' request on November 15, 2012, at which time I strongly urged the Bennetts to retain counsel.

On January 10, 2013, the continued Motion to Dismiss came on for hearing a third time. At the hearing, Mrs. Bennett said that she and her husband had hired an attorney to represent them in this matter, but that the attorney had not yet had time to review their documents. Mrs. Bennett then presented a letter dated January 9, 2013, addressed to the Court and bearing what appeared to be the electronic signature of a lawyer in Stone Mountain, Georgia. The letter stated that the lawyer's office had "been retained on short notice by Mr. and Mrs. Bennett" and that the lawyer would submit a Notice of Appearance "forthwith in order to help expedite this matter." (A.P. Dkt. No. 31.) The letter requested a continuance of at least two weeks. (Id.)

At the close of the hearing, I told the parties I would defer a ruling on the Motion to Dismiss for two weeks, pending an appearance for the Bennetts by an attorney admitted to practice before this Court. If an attorney entered an appearance during that time, the hearing would be rescheduled. If not, I would rule based on the pleadings.

On January 24, 2013, the Bennetts, still proceeding pro se, filed the Motion to Strike, to which they attached copies of the following correspondence: (1) a letter addressed to the Bennetts on what appears to be Flagstar letterhead, with a notice stating that effective December 21, 2012, the servicing of the Mortgage Loan would be transferred to Selene Finance; and (2) a notice addressed to the Bennetts on plain paper that ownership of the Mortgage Loan had been acquired by a trust.[3] (A.P. Dkt. No. 37.) In addition, the Bennetts filed a Request for Judicial Notice of the correspondence, the Motion to Strike, and the statement "Flagstar No Longer Has Beneficial Interest/Standing." (A.P. Dkt. No. 38 at 3-4.)

[3] The Bennetts later filed an amended Motion to Strike that appears identical to the original Motion to Strike, except without exhibits. (A.P. Dkt. No. 39.)

AO 72A
(Rev. 8/82)

To date, no attorney has made an appearance for the Bennetts.[4] I therefore consider the sufficiency of the Complaint as filed. But first, I address the Motion to Strike and the Request for Judicial Notice.

## II. MOTION TO STRIKE

The Bennetts argue that the Motion to Dismiss should be stricken because Flagstar "no longer [has] beneficial interest in Plaintiff's mortgage loan, the subject of Plaintiff's COMPLAINT . . . and subsequently of Flagstar's Motion to Dismiss." (A.P. Dkt. No. 37 at 2.) The Bennetts further assert that Flagstar "is now rendered the status of a non-party to the subject loan and is a non-party to this case." (Id.)

---

[4] On March 25, 2013, the Clerk's office received by U.S. mail a second letter purporting to be from the same Stone Mountain lawyer, apparently in response to a Clerk's notice of the Southern District of Georgia required pro hac vice admission to practice procedures, triggered by the filing of the first letter. This second letter was on different letterhead than the first letter, which Mrs. Bennett herself had filed, and bore a handwritten signature. The letter disclaimed any representation of the Bennetts:

> Please be advised that our office is not currently nor have we ever represented the above-referenced Debtors/Plaintiffs, to our knowledge, in this matter. Please correct your records accordingly.

(A.P. Dkt. No. 41.)

But it was the Bennetts who sued Flagstar; the Motion to Dismiss was Flagstar's response in its own defense. Having brought Flagstar into court, the Bennetts now contend that Flagstar is not the proper party in interest. Flagstar having exercised its legitimate right to defend against the Complaint, the Motion to Strike is denied.

**III. REQUEST FOR JUDICIAL NOTICE**

The Request for Judicial Notice comprises twelve single-spaced pages of mostly extraneous arguments and irrelevant case law. I construe it liberally under the less stringent standard applied to the pleadings of pro se litigants. See Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

In the Request for Judicial Notice, the Bennetts seek to bring the correspondence, the Motion to Strike, and the statement "Flagstar No Longer Has Beneficial Interest/Standing" into my consideration of the Motion to Dismiss in a way that does not convert the Motion to Dismiss into a motion for summary judgment: "Plaintiff has attached various documents that are all part of [the] public court record. These matters of public record can be considered in a Rule 12(b)(6) motion without converting it to a

AO 72A
(Rev. 8/82)

motion for Summary Judgment."[5] (A.P. Dkt. No. 38 at 10.) Only one of the submitted documents may be judicially noticed, however.

Judicial notice is "a court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact." Black's Law Dictionary 923 (9th ed. 2009). The court must take judicial notice on request of a party if supplied with the necessary information. Fed. R. Evid. 201(c)(2). A fact is not subject to reasonable dispute and thus may be judicially noticed when it is either "generally known within the trial court's territorial jurisdiction; or . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)-(2).

Here, only the Motion to Strike may be judicially noticed. A court may take judicial notice of public records, including court filings. Universal Express, Inc. v. U.S. Sec. & Exch. Comm., 177 F. App'x 52, 53 (11th Cir. 2006). Moreover, as further discussed below, judicially noticed facts must be considered on a motion to dismiss. Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007).

[5] "If, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d).

AO 72A
(Rev. 8/82)

Accordingly, for purposes of the Motion to Dismiss, I take judicial notice of the fact of the filing of the Motion to Strike and of its contents, although I do not infer the truth of any facts asserted therein. See Staten Island Savs. Bank v. Scarpinito (In re Scarpinito), 196 B.R. 257, 267 (Bankr. E.D.N.Y. 1996) ("While a bankruptcy judge may take judicial notice of a bankruptcy court's records . . . we may not infer the truth of facts contained in documents, unfettered by rules of evidence or logic, simply because such documents were filed with the court."). I do not take judicial notice of the correspondence or of the statement about Flagstar's beneficial interest and standing, because the Bennetts have not supplied any information to show that private correspondence and what amounts to a legal conclusion are facts that are generally known or can be determined from unquestionably accurate sources.

## IV. MOTION TO DISMISS

### A. Standard on Motion to Dismiss

The purpose of a motion under Rule 12(b)(6) is "to test the formal sufficiency of the statement of the claim for relief." 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and

AO 72A
(Rev. 8/82)

Procedure, § 1356 (3d ed. 2004); Milburn v. United States, 734 F.2d 762, 765 (11th Cir. 1984). When considering a motion to dismiss, the court must accept as true all of the factual allegations in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)). Further, the court's consideration is not limited to the complaint's four corners: "[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular . . . matters of which a court may take judicial notice." Tellabs, 551 U.S. at 322.

"[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Ashcroft v. Iqbal, 556 U.S. 662, 669 (2009). Under the two-pronged analysis suggested by the United States Supreme Court, the court first identifies and eliminates allegations in the complaint that are legal conclusions and thus not entitled to the assumption of truth. Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1290 (11th Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662 (2009)). The court then assumes the truth of any well-pleaded factual allegations and determines whether those allegations "plausibly give rise to an

entitlement to relief." Iqbal, 556 U.S. at 679. The court need not, however, accept the truth of allegations that contradict facts that are properly subject to judicial notice. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . . ." Hughes v. Rowe, 449 U.S. 5, 10 n.7 (1980) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976) (internal quotation marks omitted)). But courts may not "act as de facto counsel or rewrite an otherwise deficient pleading in order to sustain an action." Porter v. Duval Cnty. Sch. Bd., 406 F. App'x 460, 462 (11th Cir. 2010) (quoting GJR Invs., Inc. v. Cnty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998) (internal quotation marks omitted)).

**B. The Complaint Fails to State a Claim.**

The Complaint fails to state a claim, whether under TILA or RESPA, because even if the Complaint includes factual allegations that could plausibly give rise to an entitlement to relief—a question I do not reach—any such allegations would be contradicted by the fact of the filing of the Motion to Strike,

AO 72A
(Rev. 8/82)

in which the Bennetts in essence argue that the Complaint has no legal basis: "Flagstar is now rendered the status of a non-party to the subject loan and **is a non-party to this case** . . . ." (A.P. Dkt. No. 37 at 2 (emphasis added).)

The Bennetts obviously intended this argument to eviscerate only the Motion to Dismiss, not the Complaint. Nevertheless, it is logically impossible for a complaint to state a plausible claim for relief when the plaintiffs themselves also assert that the defendant is a non-party to the case and moreover properly ask the court to take judicial notice of the motion in which they make this assertion. The Bennetts simply cannot have it both ways. The Complaint thus fails to state a claim upon which relief can be granted.

"[W]here a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend" before the complaint is dismissed with prejudice. Spear v. Nix, 215 F. App'x 896, 902 (11th Cir. 2007). But if amendment would be futile because the amended complaint still would be subject to dismissal, denial of leave to amend is justified. Id.

Here, amendment would be futile. A more carefully drafted complaint still would be contradicted by the Motion to

AO 72A

(Rev. 8/82)

Strike and thus subject to dismissal. The Complaint is therefore dismissed with prejudice.

**ORDER**

**IT IS THEREFORE ORDERED** that the Motion to Strike is **DENIED** and

**FURTHER ORDERED** that Motion to Dismiss is **GRANTED** and this adversary proceeding is **DISMISSED WITH PREJUDICE.**

JOHN S. DALIS
United States Bankruptcy Judge

Dated at Brunswick, Georgia,
this 9th day of April, 2013.

AO 72A
(Rev. 8/82)